**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA IN PHOENIX

| | |
|---|---|
| ARIZONA NUTRITIONAL SUPPLEMENTS, INC., an Arizona corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PROTIENT, INC., a Delaware Corporation; et al.,<br><br>　　　　　Defendants.<br>_____ | No. CV-05-2096-PHX-LOA<br><br>**THIRD REVISED SCHEDULING ORDER**<br><br>(Assigned to the Honorable Lawrence O. Anderson) |

        Pursuant to the parties' Joint Motion to Revise Discovery Deadlines in Scheduling Order, the Court hereby revises the various deadlines for the judicial management of this case as follows:

        **IT IS ORDERED** that the parties, by and through their counsel, shall comply with the following deadlines. Stipulations extending the time for the doing of any act required by the Court or the Rules of Civil Procedure will be treated as a joint motion subject to Court approval. See, LRCiv. 7.3; *Gestetner Corp. v. Case Equipment Company*, 108 F.R.D. 138 (D. Maine 1985) (good cause not shown to amend scheduling order); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) ("Federal Rule of Civil Procedure is to be taken seriously"). Continuances of these deadlines may be granted only upon a showing of good cause and by leave of the assigned trial judge. Settlement negotiations, however, do not constitute good cause.

        1.      The parties confirm that they have exchanged Rule 26 initial

disclosures.

2. Filing motions to amend pleadings and motions to join additional parties by April 4, 2006.[1]

3. Because the Court believes that staggered expert disclosure is more fair and will less likely result in requests for a modification of these deadlines, Plaintiff's disclosure of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P. shall be made by June 22, 2006. Defendant's disclosure of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by July 24, 2006. Plaintiff's disclosure of true rebuttal expert testimony and reports solely to contradict or rebut evidence as required under Rule 26(a)(2)(C), Fed.R.Civ.P. shall be made by August 14, 2006.

Each testifying expert witness (regardless of whether such expert witness has or has not been specifically retained for this case, such as, a treating physician, or if the expert is an employee of the calling party) shall provide a written report to the adverse party as required by Rule 26(a)(2)(B). See, *Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459 (D. Minn. 1998).

No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified

---

[1]*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 602, 607-08 (9th Cir. 1992) (once scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the Rule 15(a) standard). In *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1294 (9th Cir. 2000), the Ninth Circuit stated: Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.

- 2 -

upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *See, Wong v. Regents of the University of California*, 379 F.3d. 1097 (9th Cir., 2004); Rule 37(c)(1), FED.R.CIV.P.

    4.    Disclosure of all known witnesses, exhibits and other matters under Rule 26(a)(3), Fed.R.Civ.P. and supplementation of all discovery pursuant to Rule 26(e), Fed.R.Civ.P. shall be completed by August 21, 2006.

    5.    Completion of all discovery: November 24, 2006.

    6.    Filing dispositive motions on or before December 22, 2006.

Pursuant to stipulation and good cause appearing,

Pursuant to Rule 5(d)(2)(D),. FED.R.CIV.P., the parties consent and agree that service under Rule 5(a) may be obtained on the other party by delivering a copy of the document by electronic means. Service by electronic means is complete upon transmission. The parties also advise the Court that counsel are registered and will comply with the District Court's Case Management/Electronic Case Filing ("CM/ECF") Administrative Policies and Procedures Manual. See the District Court's Internet site (www.azd.uscourts.gov) and click onto the CM/ECF link for the details of the District Court's electronic filing system.

Counsel are hereby advised that the Court has various audio/visual equipment available for use at an evidentiary hearing or trail at no cost to the Bar. This equipment includes an evidence presentation system, which consists of a document camera, digital projector, and screen. The projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. For further information please contact the Court's A/V Specialist, Brian Lalley at (602) 322-7131.

Pursuant to Rule 611(a), Fed. Rules of Evid. and absent good cause shown, the Court will not permit counsel during the trial to publish a document or other tangible item to individual jurors expect to the jury as a whole through the courtroom's audio/visual

- 3 -

1 equipment in order to avoid needless consumption of time.

2 **IT IS FURTHER ORDERED** that the Court may set another Rule 16(b) Scheduling Conference after the Court's ruling on all dispositive motions, after completion of all discovery if no dispositive motion is timely filed or upon written request from any party to discuss the setting of a jury trial and all issues related thereto, i.e. the length and times of trail, motions in *limine*, *Daubert* hearings, etc. Counsel shall bring their calendars with them to this conference.

**IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of the possibility of settlement and should settlement be reached, the parties shall immediately file a Notice of Settlement with the Clerk of the Court with a copy to this Court's chambers. See, LRCiv 40.2(d). This Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that all counsel shall comply with the Rules of Practice of the United States District Court for the District of Arizona ("LRCiv ro LRCrim"), as amended on December 1, 2004, and the Standards for Professional Conduct for attorneys practicing in this federal court. The District Court's Rules of Practice and the subject Standards may be found on the District Court's internet web page at www.azd.uscourts.gov/.

The parties are advised that when sufficient information has been disclosed between the parties to fairly appreciate and evaluate the strengths and weaknesses of the claims and defenses alleged in this case, a settlement conference before a U.S. magistrate judge may be requested. Delay in requesting, scheduling or concluding a settlement conference does not constitute good cause to continue or extend the deadlines set herein.

DATED this 14th day of September, 2006.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge