**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Nutritional Supplements, Inc., an) <br> Arizona corporation, ) <br> ) <br>          Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> Protient, Inc., a Delaware corporation; ) <br> et al., ) <br> ) <br>          Defendants. ) <br> _____) | No. CV-05-2096-PHX-LOA <br><br> **ORDER** |

On its own motion, the Court will set a *Daubert*[1] evidentiary hearing in conjunction with Defendant Protient's Motion for Summary Judgment or, Alternatively, Motion to Preclude Expert Testimony, (docket # 74), and consistent with its "responsibility of ensuring that proferred scientific evidence is both relevant and reliable." *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir.2003). After informally consulting with counsel, the mutually agreed-upon date is Friday, August 10, 2007.

    **IT IS ORDERED** setting a *Daubert* evidentiary hearing on **Friday, August 10, 2007 beginning at 9:30 a.m.**

    **IT IS FURTHER ORDERED** each side shall have a total of three hours for direct, cross-examination and rebuttal for a total of six hours. The burden of showing that the expert's methodology was properly applied to the facts of this case rests with the proffering party. *Domingo v. T.K. M.D.*, 289 F.3d 600, 607 (9th Cir. 2002); *Lust v. Merrell Dow*

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

1   *Pharms., Inc*., 89 F.3d 594, 598 (9th Cir. 1996). Thus, Plaintiff will be permitted to go first

2   and last. How each side chooses to use its three hours lies within counsel's sole discretion.

3        Dated this 3rd day of July, 2007.

4

5

6                                        Lawrence O. Anderson
                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28